**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| SHIMIAO HUANG, | Case No. 1:26-cv-7969 |
| **Plaintiff,** | |
| v. | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE A, | |
| **Defendants.** | |

## COMPLAINT

Plaintiff Shimiao Huang ("Plaintiff"), hereby brings the present action against all Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on **Schedule A** attached hereto (collectively, "Defendants"), as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Trademark Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants target consumers in the United States, including Illinois, through a fully interactive e-commerce store on Amazon.com. Specifically, Defendants directly reach out to do business with Illinois residents by operating or assisting in the operation of the Amazon store that sells counterfeit products infringing Plaintiff's federally registered trademark directly to Illinois consumers. In short, Defendants are committing tortious acts in Illinois, is engaging in interstate commerce, and

1

has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## **JOINDER**

3.      Joinder is proper pursuant to Federal Rules of Civil Procedure 19(a)(1) and 20(a)(2), as Plaintiff's right to relief stems from the same series of transactions or occurrences, questions of law and/or fact common to all defendants will arise in the action, and the Defendants coordinately operate in active concert with one another to commit the alleged infringement.

4.      The Defendants' Internet Stores Identified on Schedule A and Exhibit 3 share a number of commonalities suggesting that they are interrelated and/or working in active concert with one another, such as Use highly similar seller aliases, all start with the fixed prefix "TYQ Direct" followed only by different numbers, e.g. TYQ Direct 31, TYQ Direct 72, TYQ Direct 19, etc.; Display the identical "YTQ" logo without any variation on the Seller information page; Share the same business name ("Yueqing Technology") and same contact email (Supply@yueqingtech.com) on the Seller information page; and Share the identical "About Seller" profile on the Seller information page. *See* Plaintiff's Memorandum addressing propriety of joinder filed concurrently with the Complaint.

5.      While it is likely that Defendants' Internet Stores are owned and/or operated by the same individual and/or entity, it is not until the third-party marketplaces produce the registration data for these stores that Plaintiff is able to discover the true identity of the individuals and/or entities operating the Defendants' Internet Stores.

6.      Given the similarities between the Defendants' Internet Stores discussed infra and the likelihood that they are operated by the same individual and/or entity, and for purposes of judicial efficiency, Plaintiff asserts that joinder of the Defendants is proper at this stage as severing the case would mean that multiple stores with the same operator would be adjudicated piecemeal

and/or would need to be re-joined at a later date.

## INTRODUCTION

7.      Plaintiff filed this action to combat online infringers and counterfeiters who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed counterfeit and infringing products using counterfeit versions of Plaintiff's federally registered trademark ("Infringing Products"). Defendants created an Amazon store operating under the aliases such as "TYQ Direct 31", "TYQ Direct 72" and "TYQ Direct 19" ("Defendants' Online Stores") as identified in **Exhibit 3**, which appear to be selling genuine copies of Plaintiff's products when in fact Defendants are selling counterfeit versions to unknowing customers.

8.      Plaintiff has been forced to file this action to combat Defendants' willful infringement of Plaintiff's registered trademark, as well as to protect unknowing consumers from purchasing infringing products over the internet. Because of Defendants' actions, Plaintiff has been and continues to be irreparably damaged both through consumer confusion, dilution, and tarnishment of its valuable trademark as a result of Defendants' actions. Accordingly, Plaintiff seeks injunctive and monetary relief.

## THE PARTIES

9.      Plaintiff specializes in the creation, manufacture, marketing, and sale of earphone protective case, including in association with Plaintiff's federally registered trademark (collectively, "Plaintiff's Products"). Plaintiff is the owner of a U.S. trademark registration ("Plaintiff's Mark") used to identify its products that it markets, sells, and licenses. Plaintiff is the owner and licensor of all of Plaintiff's Products that are available at, inter alia, the website identified in **Exhibit 2**.

3

10. Plaintiff is the owner and assignee of all rights, title, and interest in and to the Plaintiff's Mark. The registration for Plaintiff's Mark constitutes prima facie evidence of its validity and of Plaintiff's exclusive right to use Plaintiff's Mark pursuant to 15 U.S.C. § 1057(b). Defendants' sales of the counterfeit items in violation of Plaintiff's intellectual property rights are irreparably damaging Plaintiff.

11. Plaintiff has invested substantial resources, time, money, and commercial efforts in order to establish the goodwill of Plaintiff's Products and the Plaintiff's Mark. The success of Plaintiff's business enterprise is dependent and a result of Plaintiff's effort to market, promote, and advertise online via e-commerce. Genuine Plaintiff Products have become very popular, driven by Plaintiff's elevated quality standards and innovative designs. Genuine Plaintiff Products are instantly recognizable among the consuming public.

12. Plaintiff has continuously used the Plaintiff's Mark in U.S. interstate commerce in connection with the sale, distribution, promotion, and advertising of genuine Plaintiff Products since 2020. Plaintiff has built substantial goodwill in and to the Plaintiff's Mark which are a well-known and valuable asset of Plaintiff.

13. As a result of Plaintiff's long-standing use of the Plaintiff's Mark in association with Plaintiff's high-quality products, extensive sales, and significant marketing activities, the Plaintiff's Mark has achieved widespread acceptance and recognition among the consuming public and throughout U.S. interstate commerce.

14. The success of Plaintiff's Products additionally stems from sales to consumers and interest that Plaintiff's consumers have generated.

15. As a result of the efforts of Plaintiff, the quality of Plaintiff's Products, the promotional efforts for Plaintiff's products and designs, the members of the public have

become familiar with Plaintiff's Products and Plaintiff's Mark and associate Plaintiff's Products and the Plaintiff's Mark exclusively with Plaintiff.

16. Plaintiff has made efforts to protect Plaintiff's interests in and to the Plaintiff's Mark. Plaintiff is the only business and/or individual authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Plaintiff's Mark. Plaintiff has not licensed or authorized Defendants to use the Plaintiff's Mark.

17. Upon information and belief, Defendants are individuals and/or and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendants' Amazon Stores. Defendants target the United States, including Illinois and this Judicial District, and have offered to sell and, on information and belief, have sold and continues to sell Infringing Products to consumers within the United States, including the State of Illinois and this Judicial District.

**DEFENDANTS' UNLAWFUL CONDUCT**

18. The success of the Plaintiff's Mark has resulted in substantial counterfeiting activity and other attempts to misappropriate Plaintiff's proprietary rights. Accordingly, Plaintiff has policed the use of the Plaintiff's Mark and has identified many online product listings on marketplaces such as Amazon and other Internet locations offering for sale and, on information and belief, selling Infringing Products to consumers throughout the United States, including this Judicial District. See a true and correct copy of Defendants' Amazon e-commerce stores offering Defendants' Infringing Products attached hereto as **Exhibit 3.**

19. Defendants enable and facilitate sales of the Infringing Products by presenting the Defendants' Online Stores as legitimate resellers using standardized product listing layouts and terminology. Upon information and belief, Plaintiff has not licensed or authorized Defendants to use the Plaintiff's Mark and Defendants are not an authorized retailers of genuine Plaintiff's Products.

20. Defendants take pains to conceal its identity from the public, almost invariably using store names and addresses which do not identify Defendants. Defendants may operate several stores simultaneously, using fictitious identities as well as other fictitious names and addresses. Moreover, counterfeiters like Defendants will often register new store accounts under new fictitious names when they receive notice that one or more stores have been the subject of a lawsuit. The use of these store registration schemes is one of several ways in which Defendants, to avoid being shut down, conceal its true identities and the inner workings of their counterfeit operations.

21. Defendants offer and ship their products throughout the United States, including customers in Illinois and within this Judicial District. Upon information and belief, Defendants have sold Infringing Products into the United States and the state of Illinois.

22. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the Plaintiff's Mark in connection with the advertisement, distribution, offering for sale, and sale of Infringing Products into the United States and into Illinois over the Internet.

23. Defendants offer shipping to the United States, including, specifically Illinois and this Judicial District. Upon information and belief, each Defendant has sold Infringing Products into the United States and the state of Illinois.

24. Defendants' unauthorized use of the Plaintiff's Mark in connection with the advertising, distribution, offering for sale, and sale of Infringing Products, including with respect to the sale of such products into the United States, including specifically Illinois and this Judicial District, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

25. Plaintiff hereby re-alleges and incorporates by reference the allegations of paragraphs 1-24 as if fully set forth herein.

26. This is a trademark infringement and counterfeit action against Defendants based on its unauthorized use in commerce of counterfeit imitations of the Plaintiff's federally registered trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. Plaintiff's Mark is a distinctive mark and consumers have come to expect the highest quality from Plaintiff's Products provided under Plaintiff's Mark.

27. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with Plaintiff's Mark without Plaintiff's permission.

28. Plaintiff is the exclusive owner of Plaintiff's Mark. Plaintiff's United States Registration and Recordation of Assignment for Plaintiff's Mark (**Exhibit 1**) are in full force and effect. Upon information and belief, Defendants have knowledge of Plaintiff's rights in Plaintiff's Mark and are willfully infringing and intentionally offering counterfeit items bearing Plaintiff's Mark. Defendants' willful, intentional, and unauthorized use of Plaintiff's Mark is likely to cause confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general consuming public.

29. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30. Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known trademark.

31. The injuries sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offer to sell, and sale of counterfeit versions of Plaintiff's Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125)

32. Plaintiff hereby re-alleges and incorporates by reference the allegations of paragraphs 1-31 as if fully set forth herein.

33. Defendants' advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in counterfeit versions of Plaintiff's products has created and is creating a likelihood of confusion, mistake, and deception among the public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of such products.

34. By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the counterfeit products, Defendants have offered and shipped goods in interstate commerce.

35. Likewise, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the counterfeit products, Defendants have and continue to trade on the extensive goodwill of Plaintiff to induce customers to purchase a counterfeit version of Plaintiff's Products, thereby

8

directly competing with Plaintiff. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed through its lengthy nationwide marketing, advertising, sales, and cumulative consumer recognition.

36.     Defendants knew or, by the exercise of reasonable care, should have known that their past, current, and continuing advertising, marketing, promotion, distribution, display, offering for sale, sale and/or otherwise dealing in the counterfeit goods has and will continue to cause confusion and mistake or to deceive purchasers, users, and the public.

37.     By using Plaintiff's Mark in connection with the sale of counterfeit products, Defendant creates a false designation of origin and a misleading representation of the fact as to the origin and sponsorship of the counterfeit product.

38.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit product to the public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

39.     As a direct and proximate result of Defendants' wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of its genuine products.

40.     Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1)     That each of the Defendants, its affiliates, officers, agents, servants,

9

employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. Using Plaintiff's Mark in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product of Plaintiff, or is not authorized by Plaintiff to be sold in connection with Plaintiff's Mark;

b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authority, control, or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's Mark and associated with or derived from Plaintiff's Mark;

c. Making, using, selling, and/or importing to the United States for retail sale or resale any products that infringe Plaintiff's Mark;

d. Committing any acts calculated to cause consumers to believe that each of the Defendants' counterfeit product is those sold under the authority, control, or supervision of Plaintiff, or are sponsored by, approved of, or otherwise connected with Plaintiff, including without limitation through use of Plaintiff's original photographs texts in connection with the offer or sale of counterfeit products;

e. Further infringing Plaintiff's Mark and damaging Plaintiff's goodwill;

f. Otherwise competing unfairly with Plaintiff in any manner;

g. Shipping (including drop-shipping), delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any

manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff's Mark, or any reproductions, counterfeit copies, or colorable imitations thereof;

h. Using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendants' Internet Stores, or any other domain name or online marketplace account that is being used to sell or is how Defendants could continue to sell counterfeit products;

i. Operating and/or hosting websites at the Defendants' Internet Stores of any other domain names registered or operated by Defendants that are involved in the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Plaintiff's Mark or any reproduction, counterfeit copy, or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Mark; and,

j. Registering any additional domain names that use or incorporate any portion of the Plaintiff's Mark; and

2) That each of the Defendants, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

i. Displaying images protected by the Plaintiff's Mark in connection with the distribution, advertising, offer for sale and/or sale of any product that is not a genuine product of Plaintiff's or is not authorized by Plaintiff to be sold in connection with the Plaintiff's Mark;

11

ii.   Shipping, delivering, holding for same, distributing, returning, transferring, or otherwise moving, storing, or disposing of in any manner products or inventory not manufactured by or for Plaintiff, not authorized by Plaintiff to be sold or offered for sale, and protected by Plaintiff's Mark, or any reproductions, counterfeit copies, or colorable imitation thereof; and

3)     That each of the Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which each Defendant has complied with any and all injunctive relief ordered by this Court;

4)     Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including any online marketplaces such as Amazon; payment processors such as PayPal, Stripe, Payoneer, and LianLian; social media platforms such as: Facebook, YouTube, LinkedIn, Twitter; Internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendants' Domain Names, and domain name registrars, that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendant engages in the sale of counterfeit products using the Plaintiff's Mark shall:

5)     That each Defendant's account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of Plaintiff's Mark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

6)     For Judgment in favor of Plaintiff against each Defendant that it has: (a) willfully infringed Plaintiff's Mark in its federally registered trademark pursuant to 15 U.S.C. § 1114; and (b) otherwise injured the business reputation and business of Plaintiff by

Defendants' acts and conduct set forth in this Complaint;

7)     For Judgment in favor of Plaintiff against each Defendant for actual damages or statutory damages pursuant to 15 U.S.C. § 1117, at the election of Plaintiffs, in an amount to be determined at trial;

8)     In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of Plaintiff's Mark;

9)     That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

10)    That Plaintiff be awarded any and all other relief that this Court deems equitable and just.


Dated: July 8, 2026                                                Respectfully submitted,

                                                                   /s/ Di Li
                                                                   Di Li, Esq.
                                                                   **DI LI LAW, P.C.**
                                                                   18725 Gale Ave., Ste 208
                                                                   City of Industry, CA 91748
                                                                   Email: di@dililaw.com | ip@dililaw.com
                                                                   Tel:  (626) 723-4849
                                                                   Fax: (626) 956-0744

                                                                   *Counsel for Plaintiff*
                                                                   Shimiao Huang

13